**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DERIK YULIAN COLON-ALVAREZ, AKA Derik Julian Colon-Alvarez, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 18-73219 Agency No. A208-578-974 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2020**
Phoenix, Arizona

Before: TALLMAN, BYBEE, and BADE, Circuit Judges.

Derik Colon-Alvarez petitions for review of the Board of Immigration

Appeals' ("BIA") order dismissing his appeal from an immigration judge's denial

of his applications for asylum, withholding of removal, and protection under the

Convention Against Torture ("CAT"). We review the agency's "legal conclusions

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition for review.

1. The agency considered the cumulative effect of the mistreatment Colon-Alvarez experienced. *See Chand v. I.N.S.*, 222 F.3d 1066, 1074 (9th Cir. 2000) ("An applicant may suffer persecution because of the cumulative effect of several incidents, no one of which rises to the level of persecution."). Substantial evidence supports the agency's determination that Colon-Alvarez failed to establish that his past experiences in Honduras rose to the level of persecution. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (stating that an applicant who alleges past persecution bears the burden of proving that the treatment rises to the level of persecution).

2. The agency identified and applied the correct standard for establishing future persecution. Substantial evidence supports the agency's determination that Colon-Alvarez did not establish an objectively reasonable fear of future persecution. *See Nagoulko v. I.N.S.*, 333 F.3d 1012, 1018 (9th Cir. 2003) (stating that the possibility of a course of events without "specific evidence to suggest" that the events will occur is too speculative to establish an objectively reasonable fear of future persecution); *Sinha v. Holder*, 564 F.3d 1015, 1022 (9th Cir. 2009) ("[A] petitioner's fear of future prosecution is weakened, even undercut, when similarly-

situated family members living in the petitioner's home country are not harmed." (internal quotation marks and citation omitted)). Thus, Colon-Alvarez's claims for asylum and withholding of removal fail.

3. Substantial evidence also supports the agency's denial of CAT relief because Colon-Alvarez failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (generalized evidence of violence and crime in petitioner's home country was insufficient to meet standard for CAT relief). None of Colon-Alvarez's other arguments have merit.

**PETITION FOR REVIEW DENIED.**